107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Francella IVERY, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 96-1630.
 United States Court of Appeals, Sixth Circuit.
 Feb. 04, 1997.
 
 Before: LIVELY, MERRITT, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Francella Ivery, a Michigan citizen, appeals through counsel a district court judgment which affirmed an administrative decision denying her claim for supplemental security income benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Ivery was born on May 4, 1957, and has an eleventh grade education. She has some job experience as a maintenance worker and as an assembly line worker. She applied for supplemental security income benefits on the basis of disc disease and carpal tunnel syndrome. After a hearing before an administrative law judge (ALJ), her claim was denied on the basis that she could perform a restricted range of sedentary work. The Appeals Council declined to review her claim, thus making the ALJ's decision final. Ivery appealed to the district court, which adopted a magistrate judge's recommendation to grant summary judgment to the Commissioner. On appeal, Ivery argues that the ALJ disregarded her treating physician's opinion that Ivery could work only part-time, with frequent rest breaks. She also challenges the ALJ's finding that her complaints of pain were not fully credible.
 
 
 3
 The decision of the Commissioner must be affirmed if supported by substantial evidence. Maher v. Secretary of Health and Human Servs., 898 F.2d 1106, 1108 (6th Cir.1989). Upon review, we conclude that Ivery's arguments that the decision is not supported by substantial evidence fail because both findings of disability and complaints of pain must be supported by objective clinical evidence. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853-55 (6th Cir.1986).
 
 
 4
 Ivery's argument that the ALJ was required to defer to her treating doctor's uncontradicted opinion that she could perform only part-time work fails because this opinion was not supported by objective medical evidence. See Jones v. Secretary of Health and Human Servs., 945 F.2d 1365, 1370 n. 9 (6th Cir.1991); Young v. Secretary of Health and Human Servs., 925 F.2d 146, 151 (6th Cir.1990). The other evidence of record shows that Ivery had mild problems with balance and numbness, mild cervical myelopathy, weakness in her left lower leg, and difficulty with long periods of standing or walking. None of these objective symptoms would prevent Ivery from performing full-time work of a sedentary nature as identified by the ALJ. Similarly, Ivery's testimony regarding the pain she experiences and her need to lie down and rest, while arguably consistent with the conclusory opinion of her treating physician, was not supported by the remainder of the objective medical evidence and was therefore properly found not to be credible. Cf. King v. Heckler, 742 F.2d 968, 975 (6th Cir.1984).
 
 
 5
 Accordingly, we affirm the district court's judgment.